**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **K.R. and J.R.**

**No. 20-0031** (Wood County 15-JA-54 and 15-JA-55)

**MEMORANDUM DECISION**

Petitioner Father S.R., by counsel Kevin T. Tipton, appeals the Circuit Court of Wood County's December 20, 2019, order denying his motion to terminate the grandparents' visitation with his children.[1] Respondents Maternal Grandparents R.J.-1 and R.J.-2, by counsel Judith A. McCullough, filed a response in support of the circuit court's order. The guardian ad litem, Katrina M. Christ, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in taking in camera testimony of one child and in denying his motion to terminate grandparent visitation.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

This matter was previously before the Court when the maternal grandparents, respondents herein, appealed the circuit court's prior order denying them custody of the children following the filing of an abuse and neglect petition in 2015. *See In re K.R. and J.R.*, 17-1012, 2018 WL 1709713 at *5 (W. Va. April 9, 2018)(memorandum decision). It is unnecessary to represent the protracted history underlying the prior appeal in full detail. Instead, it is sufficient to note that at the time the prior appeal was filed, petitioner had never been adjudicated of any abuse and/or neglect in these proceedings and was granted full custody of the children following the mother's death. It is also important to note that prior to the earlier appeal, the children resided for extended periods with respondents, who had been involved in the children's lives and had assumed a more active role in

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

their upbringing because of issues the mother experienced. In the order on appeal in the prior matter, the court required respondents, if they wished for visitation, to file a motion so that the court could determine that visitation did not "substantially interfere with the parent-child relationship." *Id*. at \*3.

Following this Court's affirmation of the court's prior order, respondents again sought custody of the children in August of 2018. In response, the court asked the parties to work out a visitation schedule with the guardian, but no agreement could be reached. As a result, respondents filed a second motion for custody and/or visitation. In December of 2018, the court held a hearing on visitation. The following month, the guardian filed a report recommending monthly visitation with respondents on the first and third weekends of the month, over petitioner's objection. According to the record, the court granted respondents visitation by order "issued and effected on January 23, 2019, though not entered until August 5, 2019." The circuit court awarded respondents visits on the first and third weekend of every month, in addition to holiday visits and regular telephone contact. It is important to note that petitioner did not appeal the order awarding respondents visitation.

In June of 2019, the guardian filed a motion to modify disposition requesting that custody of the children be transferred to respondents. The following month, petitioner filed a response to the motion and a counterpetition for termination of grandparent visitation. Later that month, the court held a hearing on the guardian's motion, finding that it was "disconcerting" that the guardian's motion failed "to set out or even . . . reference any basis under West Virginia law by which a child's custody may be removed from the child's sole living parent whose rights have not been terminated and who is not the subject of any abuse and neglect petition." Ultimately, the court concluded that

> there is no basis upon which it may deny custody of two children . . . to their birth father whom the Department itself described as a non-maltreating parent . . . and who during two and one-half years of litigation, by clear and convincing evidence, has demonstrated that he is presently a fit parent.

The court then offered the parties the opportunity to file memoranda of law on the issue of whether the court had authority to change custody of the children under the present circumstances. The guardian later filed a memorandum, asserting that the children had the right to petition for modification of the dispositional order under W. Va. Code § 49-4-606. According to the guardian, that statute's requirement for a substantial change in circumstances was satisfied by the children having aged since the entry of the dispositional order.

Over the next several months, the court held multiple hearings, including one at which the court spoke to K.R. in camera. Petitioner filed a motion to quash the subpoena directing him to bring the children to the hearing, but it was ultimately denied without any written order or findings. Petitioner's counsel was not permitted to attend the in camera interview of K.R. The court did, however, invite petitioner to suggest questions to ask the child, which petitioner did not do. The children's guardian was permitted to attend the interview and ask questions. At the conclusion of the hearing, the court directed the parties to submit their own proposed findings of fact and conclusions of law.

By order entered on December 20, 2019, the court ruled that the children would remain in petitioner's custody and that respondents' visitation would be reduced from two weekends per month to one, in addition to one week in the summer and reduced telephone contact. In reaching this determination, the court cited West Virginia Code §§ 48-10-1001 and 48-10-1002. The court found that "the latter statute *mandates termination of grandparents' visitation* upon specified findings and the former statute *authorizes but does not require modification or termination of such rights* as 'dictated by the best interests of the minor child.'" The court then noted several factors central to its determination, including the fact that the children "lived continuously with [petitioner] since October 2017, do very well in school and . . . their teachers and counselors praised their progress and development." The court also noted that the requirement in West Virginia Code § 48-10-501 that visitation not substantially interfere with the parent-child relationship "remains a critical element of the children's best interests." According to the court, the relationship between petitioner and the children is central to the children's well-being and it is in their best interests to develop that relationship without interference from external forces, although it also recognized that maintaining a close relationship with respondents is beneficial to the children and in their best interests as long as it does not undermine their relationship with petitioner. However, the court found that respondents did not violate the explicit terms of the visitation, that the children's mother's murder underscored the importance for them to have a continued relationship with respondents, and that the parties complied with the court's order and demonstrated the ability and willingness not to allow their conflicts to impact the children. Although the court recognized that petitioner and respondents "have it in their power to undermine . . . each other's relationships with the" children, the court nonetheless found that visitation with the grandparents was in the children's best interests. It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner first argues that the circuit court erred in taking in camera testimony from K.R. In support of this argument, petitioner engages in extensive speculation as to the purpose of this testimony, alleging that respondents "wanted the children to tell the judge that they wanted to live with them." Petitioner also alleges that the children's wishes were irrelevant because the

court already ordered that it would not transfer full custody to respondents and because petitioner agreed to stipulate that the children wished to spend more time with respondents. According to petitioner, this rendered testimony from either child "completely unnecessary." These arguments, however, do not entitle petitioner to relief. Simply put, the circuit court was tasked with determining the relevance of evidence, not petitioner. Indeed, circuit courts are granted significant discretion in making evidentiary rulings. Syl. Pt. 1, *McDougal v. McCammon*, 193 W. Va. 229, 455 S.E.2d 788 (1995).

As to petitioner's argument that the court erred in its application of Rule 8 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings, we find that he is entitled to no relief. According to Rule 8(b), "[t]he court may conduct in camera interviews of a minor child, outside the presence of the parent(s). The parties' attorneys shall be allowed to attend such interviews, *except when the court determines that the presence of attorneys will be especially intimidating to the child witness*." (Emphasis added). On appeal, petitioner recognizes that the court made a finding that the attorney's presence would be intimidating, but argues that this finding was insufficient. Specifically, following petitioner's objection to the parties' attorneys being excluded from the in camera testimony, the court found as follows:

> I think it's going to [be] hard enough for them to come back in front of the court reporter, myself, and the guardian ad litem, let alone then the *additional intimidation that they may have from the attorneys* knowing that one attorney's for the father, and the other attorney's for the grandparents.

Petitioner appears to argue that the court's failure to invoke the word "especially" renders this finding insufficient to support the exclusion of the parties' attorneys from the interview. We find, however, that this was sufficient for the court to exercise its discretion in disallowing their participation. Petitioner further alleges that it was inappropriate for the guardian to be permitted to participate in the proceedings, given that she filed the motion to modify the dispositional order and because she asked "leading or suggestive questions," yet he points to no portion of the transcript from this interview in support. In short, petitioner's unsupported assertions of bias on the guardian's part do nothing to entitle him to relief under Rule 8.

Petitioner also argues that the court failed to properly apply Rule 8(a), which provides, in relevant part, that "there shall be a rebuttable presumption that the potential psychological harm to the child outweighs the necessity of the child's testimony and the court shall exclude this testimony if the potential psychological harm to the child outweighs the necessity of the child's testimony." What petitioner fails to recognize, however, is that the record shows that K.R. wished to speak with the court and that the court found that it "ha[d] an obligation to at least hear what the children have to say." In making its decision, the court indicated that it "look[ed] at the [child's] best interests" and considered them against the need to hear evidence about visitation and whether it substantially interfered with the parent/child relationship. As such, we find that petitioner is entitled to no relief.

Finally, petitioner argues that the circuit court erred in denying his motion to terminate respondents' visitation. It is important to note, however, that our review of this issue is limited by petitioner's failure to appeal the circuit court's earlier order granting respondents visitation. On

4

appeal, petitioner cites to several authorities that address when *granting* grandparents visitation may be appropriate, but fails to recognize that our review here is limited solely to whether the circuit court erred in failing to *terminate* respondents' visitation. West Virginia Code § 48-10-1001 provides that "[a]ny circuit court or family court that grants visitation rights to a grandparent shall retain jurisdiction throughout the minority of the minor child with whom visitation is granted to modify or terminate such rights as dictated by the best interests of the minor child." Further, West Virginia Code § 48-10-1002 provides that

> [a] circuit court or family court shall, based upon a petition brought by an interested person, terminate any grant of the right of grandparent visitation upon presentation of a preponderance of the evidence that a grandparent granted visitation has materially violated the terms and conditions of the order of visitation.

As the circuit court correctly noted, the first statute permits termination of visitation if it is no longer in a child's best interests and the second statute mandates termination of visitation if a grandparent materially violates the terms and conditions of the ordered visitation. On appeal, petitioner acknowledges that the court below found that respondents did not violate the specific terms and conditions of their visits. As such, it is clear that termination is not mandated under West Virginia Code § 48-10-1002. Instead, petitioner argues that respondents have "done everything in their power to interfere with the relationship that exists between [him] and his children." Accordingly, petitioner argues that the children's best interests require termination. We do not agree.

On the contrary, the court made extensive findings as to why continued contact with respondents was in the children's best interests, including the fact that respondents "often cared for the [children] during their childhood and had a close and affectionate relationship with them." The court also found that "the brutal homicide of the children's mother, which occurred in the home where they lived, has had and will continue to have a profound effect on them and underscores the importance of a continuing relationship with their maternal grandparents." Further, in regard to petitioner's argument that continued visits with respondents undermined his parent/child relationship, the court found that "[g]randparent visitation has continued since January 2019 and despite the litigation of these issues the parties have complied with the [c]ourt's order, demonstrating the ability and willingness of the father and maternal grandparents not to allow their conflicts to impact the children." While petitioner does not agree with these determinations, we find that they are based on substantial evidence and decline to disturb them on appeal.

For the foregoing reasons, we find no error in the decision of the circuit court, and its December 20, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**: June 22, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton